**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANDRE STRUM, | |
| Appellant | No. 2277 EDA 2016 |

Appeal from the PCRA Order June 21, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0504651-1997

BEFORE:  GANTMAN, P.J., SHOGAN and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JULY 27, 2017**

Appellant, Andre Strum, appeals *pro se* from the order denying his fourth petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court briefly summarized the facts of the crime, as follows:

> At trial, the Commonwealth presented evidence that in the morning of May 20, 1995, several people, including [Appellant], Marc Johnson ("Johnson"), and the victim, Robert Malcom ("Junior"), were gathered at 41 North 62nd Street in Philadelphia, a house belonging to Gary Gunther and Bernice Philips.  [Appellant] was armed with a handgun and Johnson a sawed-off shotgun.  N.T. 12/15/97 at 68-72; 12/16/97 at 37-41, 90-95.
>
> After both Gunther and Phillips went to the second floor of the house, [Appellant] confronted Junior, a fellow drug dealer,

---

[*] Former Justice specially assigned to the Superior Court.

and conveyed verbal demands to relinquish valuables. In response to Junior's failure to comply, [Appellant], and shortly thereafter Johnson, began beating him. [Appellant] then shot Junior four times. Then, after a series of subsequent misfires, [Appellant] and Johnson began pistol-whipping Junior. After a mutual friend intervened, [Appellant] and Johnson fled the scene. Junior died shortly thereafter. The Commonwealth also presented the testimony of Paul Franklin, to whom [Appellant] confessed, as well as evidence of [Appellant's] two-year flight to three different states under assumed identities. N.T. 12/15/97 at 73-86, 89-91, 131-145; 12/16/97 at 42-48, 95-99.

PCRA Court Opinion, 11/10/16, at 2–3.

A jury convicted Appellant of first-degree murder, robbery, criminal conspiracy, and possession of an instrument of crime ("PIC")[1] on December 18, 1997. On July 7, 1998, Appellant was sentenced to life imprisonment for murder, a consecutive term of imprisonment of five to ten years for the robbery conviction, and a concurrent term of incarceration of four to eight years for criminal conspiracy; no further penalty was imposed for PIC. This court affirmed the judgment of sentence on November 29, 1999. *Commonwealth v. Strum*, 750 A.2d 377, 3453 PHL 1998 (Pa. Super. 1999) (unpublished memorandum). Appellant did not file a petition for allowance of appeal to the Pennsylvania Supreme Court.

Appellant, *pro se*, filed his first PCRA petition on December 15, 2000, and appointed counsel filed an amended petition on January 17, 2003. The PCRA court denied the petition on July 10, 2003, this Court affirmed on

---

[1] 18 Pa.C.S. §§ 2502, 3701, 903, and 907, respectively.

February 17, 2005, and our Supreme Court denied Appellant's petition for allowance of appeal on September 14, 2005. ***Commonwealth v. Strum***, 873 A.2d 772, 2413 EDA 2003 (Pa. Super. 2005) (unpublished memorandum), *appeal denied*, 882 A.2d 1006, 112 EAL 2005 (Pa. 2005).

On September 21, 2005, Appellant filed a *pro se* petition for writ of *habeas corpus* in federal court. The district court denied the petition on May 7, 2007, and the Third Circuit Court of Appeals denied a certificate of appealability on October 4, 2007. ***Strum v. Palakovich***, 2007 WL 1366891 (E.D.Pa. 2007).

Appellant, *pro se*, filed his second PCRA petition on September 29, 2009. The PCRA court dismissed the petition on November 4, 2013; no appeal was filed. Appellant filed his third PCRA petition on December 2, 2013, which was styled as a petition for writ of *habeas corpus*. Following its denial by the PCRA court, this Court affirmed the denial, and our Supreme Court denied Appellant's petition for allowance of appeal on July 15, 2015. ***Commonwealth v. Strum***, 121 A.3d 1117, 1375 EDA 2014 (Pa. Super. 2015) (unpublished memorandum), *appeal denied*, 118 A.3d 1108, 245 EAL 2015 (Pa. 2015). Meanwhile, in federal court, Appellant filed a motion pursuant to Fed.R.Civ.P. 60(b) seeking relief from the denial of his *habeas corpus* petition filed seven years earlier. The district court denied the petition on March 19, 2005, and the Third Circuit Court of Appeals denied a

certificate of appealability on September 2, 2015. ***Strum v. Palakovich***, 2015 WL 1255907 (E.D.Pa. 2015) (unpublished memorandum).

On October 20, 2015, Appellant filed the instant *pro se* PCRA petition, his fourth. On April 12, 2016, pursuant to Pa.R.Crim.P. 907, the PCRA court filed notice of its intent to dismiss the petition. Appellant filed a response on April 22, 2016. The PCRA court dismissed the petition as untimely on June 21, 2016, and Appellant filed this timely appeal. The PCRA court did not order Appellant to file a statement pursuant to Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

A.    Whether the trial court abused its discretion in dismissing Appellant's Petition for Writ of Habeas Corpus Ad Subjiciendum where the verdict announced by the Court of guilty on the First Degree Murder offense was in error in that the court did not have jurisdiction of the matter, where the Criminal Information filed in this action were fatally defective since if failed to recite all of the essential elements of the offense and failed to inform Appellant of the precise charge he was required to defend against at trial?

B.    Whether Appellant is illegally confined based on the verdict and sentence being vitiated and non-existent as a result of the fatally defective Criminal Information and eliminates all questions of waiver, timeliness and due diligence as bars to the relief sought?

Appellant's Brief at 3 (verbatim).

Initially, we must determine whether this matter is properly before us. We begin by considering whether the PCRA court accurately considered Appellant's petition to be a PCRA petition.

The scope of the PCRA is explicitly defined as follows:

This subchapter provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*. This subchapter is not intended to limit the availability of remedies in the trial court or on direct appeal from the judgment of sentence, to provide a means for raising issues waived in prior proceedings or to provide relief from collateral consequences of a criminal conviction.

42 Pa.C.S. § 9542.

The plain language of this statute demonstrates that the Pennsylvania General Assembly "intended that claims that **could** be brought under the PCRA **must** be brought under that Act." *Commonwealth v. Hall*, 771 A.2d 1232, 1235 (Pa. 2001) (emphases in original). Where a defendant's claims "are cognizable under the PCRA, the common law and statutory remedies now subsumed by the PCRA are not separately available to the defendant." *Id*. at 1235 (citations omitted). By its own language, and by judicial decisions interpreting such language, the PCRA provides the sole means for obtaining state collateral relief. *Commonwealth v. Yarris*, 731 A.2d 581, 586 (Pa. 1999) (citations omitted). Thus, it is well settled that any collateral petition raising issues with respect to remedies offered under the PCRA will be considered to be a PCRA petition, *Commonwealth v. Deaner*, 779 A.2d 578, 580 (Pa. Super. 2001), and a "defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*."

*Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa. Super. 2013) (footnote omitted).

The question then is whether the particular claims at issue in Appellant's petition, *i.e.,* Appellant's allegations that the trial court did not have jurisdiction due to a defective bill of information and that his sentence of life imprisonment is unconstitutional and unlawful, are claims available to him under the PCRA.  Petition for Writ of *Habeas Corpus*, 10/20/15.  We have reiterated that "the PCRA statute is intended as the sole means of collaterally challenging a sentence."  *Commonwealth v. Concordia*, 97 A.3d 366, 372 (Pa. Super. 2014).  Indeed, in *Commonwealth v. Jackson*, 30 A.3d 516 (Pa. Super. 2011), this Court held that a defendant's motion to correct an illegal sentence was properly addressed as a PCRA petition, stating, "[A]ny petition filed after the judgment of sentence becomes final will be treated as a PCRA petition."  *Id*. at 521.  Moreover, 42 Pa.C.S. § 9543(a)(2)(viii) provides that a claim that a proceeding occurred before a tribunal without jurisdiction must be raised under the PCRA.  Because Appellant's challenge to his sentence is cognizable under the PCRA, Appellant is precluded from seeking relief pursuant to a writ of *habeas corpus*.  Thus, the PCRA court had no authority to entertain the claims except under the strictures of the PCRA.

"In reviewing the propriety of an order granting or denying PCRA relief, an appellate court is limited to ascertaining whether the record

supports the determination of the PCRA court and whether the ruling is free of legal error." *Commonwealth v. Matias*, 63 A.3d 807, 810 (Pa. Super. 2013) (citing *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009)). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014). "There is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008) (quoting *Commonwealth v. Barbosa*, 819 A.2d 81 (Pa. Super. 2003)). "[S]uch a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015).

The timeliness of a PCRA petition is a jurisdictional threshold that may not be disregarded in order to reach the merits of the claims raised in a PCRA petition that is untimely. *Commonwealth v. Cintora*, 69 A.3d 759, 762 (Pa. Super. 2013). "We have repeatedly stated it is the [petitioner's] burden to allege and prove that one of the timeliness exceptions applies. Whether [a petitioner] has carried his burden is a threshold inquiry prior to considering the merits of any claim." *Commonwealth v. Edmiston*, 65 A.3d 339, 346 (Pa. 2013) (internal citation omitted).

In order to be considered timely, a first, or any subsequent PCRA petition, must be filed within one year of the date the petitioner's judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

We affirmed Appellant's judgment of sentence on November 29, 1999, and Appellant did not seek review in the Pennsylvania Supreme Court. Thus, the judgment of sentence became final thirty days after November 29, 1999, on December 29, 1999. Pursuant to the PCRA, Appellant had one year, or until December 29, 2000, in which to file a timely PCRA petition. Thus, Appellant's fourth PCRA petition is patently untimely as it was not filed until nearly fifteen years later.

An untimely petition nevertheless may be received when the petition alleges and the petitioner proves that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[2] "However, the PCRA limits the reach of the exceptions by

_____

[2] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the

*(Footnote Continued Next Page)*

providing that a petition invoking any of the exceptions must be filed within 60 days of the date the claim first could have been presented." *Commonwealth v. Walters*, 135 A.3d 589, 591 (Pa. Super. 2016) (citing *Commonwealth v. Leggett*, 16 A.3d 1144, 1146 (Pa. Super. 2011), and 42 Pa.C.S. § 9545(b)(2)).

Our review of the record reveals that Appellant failed to allege, much less prove to the PCRA court, that any of the exceptions apply. Thus, the PCRA court was without jurisdiction to grant relief in this matter, and it properly dismissed Appellant's PCRA petition as untimely.

We likewise conclude that Appellant has failed to assert on appeal to this Court that any of the exceptions apply or that the petition was presented within the applicable sixty-day time frame. Moreover, our review of Appellant's contention that the Philadelphia County Court lacked

*(Footnote Continued)* ─────────────────

> claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

jurisdiction due to an allegedly defective bill of information does not fall within any of the exceptions to the timeliness rule. Thus, because Appellant's fourth PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address Appellant's claim and grant relief. *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/27/2017